

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,949

### EX PARTE ISAUL TAVERA, AKA ISAUL TAVERA-JAIMES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-00-007029-A IN THE 299TH DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to unlawful restraint in exchange for a probated sentence. His probation was later revoked, and he was sentenced to three years' imprisonment.

Applicant contends, *inter alia*, that he was denied his right to appeal because his counsel at revocation filed a motion for new trial but did not withdraw from the representation until after the appellate deadline had passed. Appellate counsel was appointed after the deadline for filing notice of appeal had passed, and Applicant's appeal was dismissed for want of jurisdiction.

The trial court has determined that Applicant expressed a desire to appeal, but was denied his right to appeal through no fault of his own.. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. D-1-DC-00-007029-A from the 299th District Court of Travis County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: January 16, 2013
Do not publish